Jack KLEIN, Petitioner-Appellant,

v.

Harold J. CARDWELL, Respondent-Appellee.

No. 71-1344.

United States Court of Appeals,
Sixth Circuit.

Sept. 9, 1971.

Harry E. Youtt, Cleveland, Ohio (Court appointed), on brief for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Jeffrey L. McClelland, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee on motion to dismiss.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court, Northern District of Ohio, Eastern Division, of a dismissal of a petition for habeas corpus.

In January, 1968, Appellant was tried, convicted and consecutively sentenced to state criminal charges of forgery and uttering a forged instrument in the Court of Common Pleas of Cuyahoga County, Ohio. At the trial, evidence was admitted which the Appellant contends served to "identify" him as committing the crimes charged although the evidence allegedly did not properly qualify as a similar act or pattern under the applicable Ohio statute, ORC § 2945.59, regulating the admission of such evidence. Appellant took a direct appeal and his conviction was affirmed by the Cuyahoga County Court of Appeals on July 2, 1969.

Thereafter, on July 30, 1969, the Supreme Court of Ohio decided State v. Hector, 19 Ohio St.2d 167, 249 N.E.2d 912, in which it narrowly construed certain portions of ORC § 2945.59. The Ohio Supreme Court did not specifically overrule any prior Ohio cases. The Appellant filed a timely appeal to the Supreme Court of Ohio and in a supplemental memorandum called to that Court's attention its recent decision in *Hector*.

The Supreme Court of Ohio, which had discretion under statutory and state constitutional law in Ohio to hear an appeal on the matters raised, ORC § 2953.02

(prior to 1970 amendments), Ohio Const. Art. IV, §§ 2, 6 (as amended in 1968), denied jurisdiction on its own motion. It did so by refusing to certify the instant case for appeal.

In this appeal the sole issue before us is whether the standards of discretionary review by the Supreme Court of Ohio of non-constitutional matters on direct appeal in a criminal case, Ohio Const. Art. IV §§ 2, 6 (as amended in 1968), ORC § 2953.02 (prior to 1970 amendments) are a violation of constitutional due process where such limited discretionary review may deprive a convicted offender of the possible benefits of a favorable decision rendered after the accused has lost his direct appeal as a matter of right to Ohio's Court of Appeals.

We believe Ohio's state constitution and statute may be read to permit review by the Supreme Court of Ohio in its discretion without specific limitation to the purported standard of "public or great general importance." *See* Ohio Constitution Article IV, § 2(B) (2) (d) (as amended in 1968). But in any event, on the facts of this case, which involve a concededly non-constitutional issue of the admissibility of certain evidence under a state statute, we do not believe that Ohio's statutory or constitutional procedures arbitrarily denied Appellant access to a full review of the questions he sought to present. If his petition to the Supreme Court of Ohio had demonstrated sufficiently the injustice of his continued incarceration based upon admissible evidence, the Supreme Court of Ohio could have—within its statutory and constitutional discretion—determined that the rectifying of a trial error going to the integrity of the facts found was one of "public * * * interest." It did not so find. We do not believe Appellant has brought forth sufficient evidence to prove his contention that the constitutional and statutory procedures of review in Ohio arbitrarily restrict the scope of review of issues the Appellant sought to be reviewed.

The judgment of the District Court is affirmed.